UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| In re: | \* | Bankr. Case No. 10-40498 |
| | | Chapter 7 |
| AARON RICHARD BOE, | \* | |
| SSN: xxx-xx-0047, | | **AMENDMENT TO** |
| | \* | **DEBTORS' RESPONSE** |
| and | | **TO CHAPTER 7 TRUSTEE'S** |
| | \* | **MOTION FOR TURNOVER** |
| WENDY ANITA BOE, | | |
| SSN: xxx-xx-3332, | \* | |
| | | |
| Debtors. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**COME NOW** the Debtors Aaron Richard Boe and Wendy Anita Boe, by and through their attorney of record, and based on Sioux Falls Federal Credit Union's Answer to Trustee's Complaint to Determine Validity of Lien in Adversary Case No. 10-4034, hereby amend their initial response to the Chapter 7 Trustee's Motion for Turnover as follows:

After Debtors filed their Response to the Trustee's Motion for Turnover, Debtors, by and through their attorney, were informed by Sioux Falls Federal Credit Union's attorney that it actually did have a lien noted on Debtors' 2008 Dodge Nitro on December 16, 2009, not March 17, 2010, as originally advised. Originally, Debtors, by and through their attorney, and at the request of the Chapter 7 Trustee, contacted Sioux Falls Federal Credit Union directly in July 2010 to request the original title where Sioux Falls Federal Credit Union would have noted their lien at the start of this financing, but Sioux Falls Federal Credit Union mistakenly informed Debtors that it had not noted their lien at that point in time. Thereafter, Debtors reported that information to the Trustee in this action. However, after further research from Sioux Falls Federal Credit Union's attorney, it appears that it did properly note their lien and a title was issued on December 16, 2009, on Debtors' property. Therefore, Sioux Falls Federal Credit Union was a properly perfected secured creditor in Debtors' 2008 Dodge Nitro at the time of filing, as originally stated on Debtors' bankruptcy schedules, and any excess equity in said vehicle, which amounted to $2,185.00, was properly exempted on Debtors' Schedule C.

Therefore, Debtors are not over on their non-exempt personal property assets as originally stated in their initial response and are withdrawing their offer to turn over any monetary amount to the Chapter 7 Trustee because of this new information that was supplied to them after their response was filed, and are hereby amending their response as such. When Debtors had filed their bankruptcy they were informed that Sioux Falls Federal Credit Union had noted their lien back in December 2009, but the only information they were able to obtain to supply to the Trustee was that title dated March 17, 2010, until today when Sioux Falls Federal

Credit Union's attorney supplied, by way of its Answer to the Trustee's Complaint, a copy of the title dated December 16, 2009.

**WHEREFORE,** based upon this new information, Debtors pray that the Court dismiss the Trustee's Motion for Turnover, and for such other and further relief as the Court deems appropriate.

Dated this 9th day of September, 2010.

                          GERRY & KULM ASK, PROF. LLC


                BY:   /s/ Laura L. Kulm Ask
                      LAURA L. KULM ASK
                      Attorney for Debtors
                      507 West 10th Street
                      P.O. Box 966
                      Sioux Falls, SD  57101-0966
                      Telephone: (605) 336-6400
                      Facsimile:  (605) 336-6842
                      Email: ask@sgsllc.com